IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30033 |
| | ) | |
| ANTHONY ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendant's Motion to Strike Count I for Duplicity (d/e 8) (Duplicity Motion), and his Motion to Strike Count III for Multiplicity (d/e 9) (Multiplicity Motion).  For the reasons set forth below, the Motions are DENIED.

The Indictment (d/e 6) alleges that Defendant Anthony Adams actively participated in a computer chat room that existed to facilitate the trading of child pornography.  According to the Indictment, the chat room used "peer-to-peer" software that allowed individuals participating in the chat room to select files from their personal computers and make those files available to other chat room participants to download directly.  Indictment,

1

¶ 3.   The Indictment alleges that Adams used this chat room and other commercially available peer-to-peer software to receive, transport and possess child pornography.  Id., ¶ 5.

Count I of the Indictment charges that:

From on or about October 21, 2005, to March 2, 2006, at Springfield, Illinois, in the Central District of Illinois, the defendant,

**ANTHONY ADAMS,**

did knowingly receive and distribute child pornography that had been transported in interstate and foreign commerce by computer.

Id., ¶ 7.  The Indictment charges that this conduct violated 18 U.S.C. § 2252A(a)(2)(A).

Count III of the Indictment charges that:

From on or about October 21, 2005, to March 2, 2006, at Springfield, Illinois, in the Central District of Illinois, the defendant,

**ANTHONY ADAMS,**

knowingly possessed pictures, computer hard drives, computer discs and other materials containing three or more images of child pornography, as that term is defined in 18 United States Code Section 2256(8), which had been mailed and shipped and transported in interstate and foreign commerce, including by computer, and that were produced using materials that had been mailed and shipped and transported in interstate and foreign

commerce, including by computer.

Id., ¶ 13. The Indictment charges that this conduct violated 18 U.S.C. § 2252A(a)(5)(B). Id., ¶ 14.

Adams argues in the Duplicity Motion that Count I is improperly duplicitous because the Count charges in one Count two separate offenses: (1) receiving child pornography, and (2) distributing child pornography. Section 2252A(a)(2)(A) makes either a crime. Adams argues that Count I must be stricken or the Government must elect which of the two crimes it wishes to pursue.

Adams argues in the Multiplicity Motion that Count III improperly charges Adams with the same crime that is alleged in Count I. He argues that the crime of possessing child pornography is the same crime as the crime of receiving child pornography. He also notes that the time period in the two Counts is identical; thus, the Counts are based on the same conduct. Adams argues that Count III must be stricken or the Government must elect whether to proceed on Count I or Count III.

The Court is not persuaded by either of these arguments. The Court will address each Motion separately.

1.  DUPLICITY MOTION

A duplicitous count charges more than one distinct and separate offense. United States v. Berardi, 675 F.2d 894, 897 (7th Cir. 1982). However, an indictment charging multiple acts in the same count, each of which could be charged as a separate offense, may not be duplicitous where these acts comprise a continuing course of conduct that constitutes a single offense. United States v. Buchmeier, 255 F.3d 415, 421 (7th Cir. 2001). That is the situation here. Count I alleges that Adams received and distributed child pornography as part of a continuing course of conduct from October 21, 2005, to March 2, 2006. When the charges involve multiple acts that are part of a continuing course of conduct, the Government has some discretion in deciding whether to organize the charges into one count of an alleged continuing course of conduct that involve multiple criminal acts as part of the course of conduct, or separate counts for each alleged criminal act. Berardi, 675 F.2d at 898.

If the Government elects, as it did here, to charge the alleged continuing course of conduct in a single count, then "the 'distinct and separate' [duplicity] test should be applied, not as a metaphysical exercise, but with the view toward serving the purposes of the prohibition against

4

duplicity." Id. at 899 (quoting United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978)). The Court should determine whether Count I creates the possibility that Adams "may not be adequately notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings at trial, and that he may be convicted by a less than unanimous verdict." Berardi, 675 F.2d at 899.

Defendant Adams has not identified how Count I, as currently charged, subjects him to any of these risks. Adams is aware of the charges against him. The Court sees no risk of double jeopardy from the form of Count I. He has not identified any evidentiary rulings that may prejudice him. Adams mentions in the Duplicity Motion the theoretical possibility that some evidence may be admissible for one of the distinct offenses, but not for the other. Duplicity Motion at 1. He has not, however, identified any specific evidence that is likely to be admissible only with respect to either receipt or distribution of child pornography by computer, but not with respect to the other charge. The risk of a less than unanimous jury verdict may be averted by crafting an appropriate jury instruction that requires the jury to make specific unanimous findings. E.g., Berardi, 675 F.2d at 899.

Given the lack of any showing of prejudice, the Court denies the Duplicity Motion. If, however, during the trial, Adams believes that some risk of prejudice has developed, he may renew this Motion.

2.   MULTIPLICITY MOTION

Multiplicity occurs when the Indictment charges a single offense in several counts. United States v. Snyder, 189 F.3d 640, 646-47 (7th Cir. 1999). A multiplicitous indictment violates the Double Jeopardy Clause of the Fifth Amendment if the defendant is subjected to the risk of multiple punishments for the same offense. Id. at 647. In this case, Adams argues that the offense of receiving child pornography charged in Count I is the same offense as possessing child pornography charged in Count III. Adams relies on cases that hold that a single act of possession or receipt of specific firearms is a single offense that cannot be charged in multiple counts. Multiplicity Motion at 2, (citing Ball v. United States 470 U.S. 856, 861-64 (1985); United States v. Baugh, 787 F.2d 1131, 1132-33 (7th Cir. 1986), overruled on other grounds, United States v. Broce, 488 U.S. 563, 573 (1989)).

This case, however, does not involve allegations of a single act of receipt or possession of specific child pornography. The Indictment charges

that Adams received and possessed child pornography as part of a continuing course of conduct over a period of more than five months, from October 21, 2005, to March 2, 2006. Thus, the Government has alleged that Adams engaged in multiple acts of receipt and possession of multiple images of child pornography. The Double Jeopardy Clause is not implicated when multiple separate criminal acts are charged in two separate counts because the Government could have charged each act in a separate count and subjected the Defendant to the risk of a separate punishment for each act. Snyder, 189 F.3d at 647. As alleged, the Indictment does not create the risk that Adams will be at risk of double jeopardy for any particular criminal act.

The Multiplicity Motion, therefore, is denied. If the Government fails to establish at trial that Adams engaged in multiple acts of receipt and possession of multiple pornographic images, then Adams may renew this Motion. If so, the Court will, at that time, consider whether receipt and possession of a specific piece of child pornography constitutes the same offense.

THEREFORE, the Defendant's Motion to Strike Count I for Duplicity (d/e 8), and his Motion to Strike Count III for Multiplicity (d/e 9) are

DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   October 2, 2006.

    FOR THE COURT:

                                         s/ Jeanne E. Scott
                                         JEANNE E. SCOTT
                             UNITED STATES DISTRICT JUDGE