IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30033 |
| ) | |
| ANTHONY ADAMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Anthony Adams' sentencing hearing held March 5, 2007.  Adams was present in person and through his counsel, Assistant United States Public Defender Douglas Beevers.  The Government was present through Assistant United States Attorney John Childress.  On November 15, 2006, this Court accepted Adams' pleas of guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 1), shipping and transporting child pornography in violation of 18 U. S. C. § 2252(a)(1) (Count 2), and possession of child pornography in violation of 18 U. S. C. § 2252(a)(5)(B) (Count 3), as charged in the Indictment (d/e 6).  See Text Order, dated

1

<u>November 15, 2006</u>.  The matter proceeded to sentencing.

The Court was in receipt of a Revised Presentence Report (PSR), dated February 15, 2007, prepared by the United States Probation Office. Adams objected to the PSR's recommendation that he receive a five-level enhancement in offense level pursuant to U.S.S.G. § 2G2.2(b)(3)(B) based on the finding that the offense involved distribution for the receipt of or expectation of the receipt of a thing of value but not for pecuniary gain.  For reasons stated of record, the Court denied Adams' objection.  This being the only objection, the Court accepted the PSR as written and adopted its findings.  Counts 1 through 3 were grouped under U.S.S.G. § 3D1.3(a), resulting in a base offense level of 22.  Adams received a two-level enhancement based on the finding that the material involved prepubescent minors and minors under the age of 12.  U.S.S.G. § 2G2.2(b)(2).  He received a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based on the finding that the offense involved distribution for the receipt of or expectation of the receipt of a thing of value but not for pecuniary gain. Pursuant to U.S.S.G. § 2G2.2(b)(4), Adams' offense level was increased four levels because the offense involved material portraying sadistic and masochistic conduct and other depictions of violence.  Adams received a

two-level increase in offense level because his possession resulted from the use of a computer or interactive computer service for the possession, transmission, receipt, or distribution of child pornography. U.S.S.G. § 2G2.2(b)(6). He received a five-level increase in offense level based on the finding that the offense involved over 29,000 images. See U.S.S.G. § 2G2.2(b)(7)(D). Adams was entitled to a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, the Court determined that Adams had a final criminal offense level of 37. Adams had no Criminal History points, placing him in Category I. An offense level of 37 and Criminal History Category I result in a U.S.S.G. range of 210-262 months imprisonment, which is in Zone D of the Guideline range. However, given the relevant statutory maximum sentences, Adams' Guideline ranges became 210-240 months imprisonment on Counts 1 and 2, and 120 months imprisonment on Count 3.[1]

THEREFORE, after considering the case file, the PSR, the statements of counsel, Adams' own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 543 U.S. 220 (2005).

sentenced Adams to 236 months imprisonment on each of Counts 1 and 2, and 120 months imprisonment on Count 3, with all of the sentences to run concurrently. Adams was ordered to pay a $300 special assessment. After his release from prison, Adams was ordered to serve a life term of supervised release. The Court did not impose a fine.

Appeal admonishments were given, and Adams indicated that he wished to appeal. Therefore, the Court directed the Clerk to enter a Notice of Appeal on Adams' behalf. The Court further found that Adams remained indigent and could proceed in forma pauperis on appeal.

IT IS THEREFORE SO ORDERED.

ENTER: March 7, 2007.

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE